**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| JULIO FLORES AND GLORIA PENA, | § | |
| PLAINTIFFS, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:23-00045 |
| | § | |
| RELOAD TRANSPORT, INC., AND DANILO | § | |
| CAVIC, | § | |
| DEFENDANTS. | § | |
| | § | |

## DEFENDANT DANILO CAVIC'S NOTICE OF REMOVAL

**TO THE HONORABLE JUDGE OF THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF TEXAS:**

COMES NOW Defendant, DANILO CAVIC ("Defendant" or "Removing Defendant"), and hereby petitions this Court pursuant to 28 U.S.C. §§1332, 1441(b), and 1446 for removal on the basis of diversity jurisdiction to the United States District Court for the Southern District of Texas, Houston Division, of the action numbered and styled *Flores, et al. v. Reload Transport, Inc., et al.*; Cause No. 2022CVA001507D1; In the 49th Judicial District Court, Webb County, Texas, and in support thereof would respectfully show this Court as follows:

**I.**
## FACTUAL BACKGROUND – TIMELY REMOVAL

1.      On October 25, 2022, Plaintiffs initiated this motor vehicle personal injury State court action by filing Plaintiffs' Original Petition against Defendants.  Ex. 3-1.

2.      Plaintiff served Removing Defendant on December 20, 2022.  Ex. 3-2.  This Notice of Removal is filed within thirty (30) days of December 20, 2022, and is timely filed under section 1446(b) of the United States Code. 28 U.S.C. § 1446(b).  Defendant seeks to remove the matter and is therefore the Removing Defendant.

## II.
## <u>COMPLETE DIVERSITY OF CITIZENSHIP</u>
## <u>EXISTS</u>

3.     The district courts of the United States have original jurisdiction over this action based on diversity of citizenship among the parties.  Plaintiffs in this action are citizens of a different state and country than Defendants. As a result, complete diversity exists.

4.     Plaintiffs were citizens of Texas at the time this action was filed. Consequently, Plaintiffs, at the time this action was commenced, were, and are currently, Texas citizens and no other state.

5.     Defendant Reload Transport, Inc., is a corporation formed under the laws of the State of Illinois, having its principal place of business now, and at the time this action was commenced, in the State of Illinois. Defendant Reload Transport, Inc., is now, and was at the time this action was commenced, a citizen of the State of Illinois and of no other states.

6.     Defendant Cavic was a citizen of the State of Florida at the time this action was filed. Consequently, Defendant Cavic was at the time this action was commenced, and is currently, a citizen of the State of Florida and no other state.

## III.
## <u>BASIS FOR REMOVAL</u>

7.     This Court has diversity jurisdiction pursuant to 28 U.S.C. §1332 because (1) complete diversity exists between Plaintiffs, that are Texas citizens, and the Defendants, which are citizens of the states of Illinois and Florida, respectively; and (2) the amount in controversy exceeds $75,000, exclusive of interest and costs. *See* Exs. 3-1, ¶¶ 3-6 (Parties), 2 (Relief).

## IV.
## CONSENT FOR REMOVAL

8.      All Defendants consent to the removal of this matter.

## V.
## REMOVAL HAS BEEN PROPERLY EFFECTED

9.      In accordance with 28 U.S.C. §1446(a) and Local Rule 3(a), the following documents are attached hereto as exhibits:

Exhibit "1" –   Civil Cover Sheet;

Exhibit "2" –   Supplemental Civil Cover Sheet;

Exhibit "3" -   State court action docket, except discovery materials;

Exhibit "4" -   A separately signed certificate of interested persons that complies with Fed. R. Civ. P 7.1.

10.     Venue is proper in this district under 28 U.S.C. §1441(a) because this district and embraces the place where the removed action has been pending.

11.     Plaintiff demanded a jury trial. See Ex. 3-1, ¶21.

12.     Removing Defendant will promptly file a copy of this Notice of Removal with the clerk of the state court where the action has been pending.

## VI.
## NO WAIVER

13.     By virtue of this Notice of Removal, Removing Defendant does not waive its rights to assert any claims or other motions, including Rule 12 motions, permitted by the Federal Rules of Civil Procedure.

## VII.
## CONCLUSION

14.     The Removing Defendant prays that the filing of this Notice of Removal, the giving

of written notice thereof to the Plaintiff, and the filing of a copy of this Notice of Removal with the Clerk of this Court shall effect removal of said suit to this Court.

Respectfully submitted,

By:    /s/ *Matthew A. Ford*

**MATTHEW A. FORD**
State Bar No. 24079875
matthew@principledclaims.com

**LAW OFFICE OF MATTHEW A. FORD**
1301 Solana Boulevard
Suite 2100
Westlake, Texas 76262
(817) 865-1953 Voice/Fax

**LEAD COUNSEL FOR DEFENDANT DANILO CAVIC**

**~And~**

By:    /s/ *Adam Crawshaw*

**ADAM CRAWSHAW**
State Bar No. 24073017
adam@crawshawlaw.com

**THE CRAWSHAW LAW FIRM, PLLC**
321 South Flores Street
San Antonio, Texas 78204
(210) 595.1553 – ofc.
(210) 200.6403 – fax

**CO-COUNSEL FOR DEFENDANT DANILO CAVIC**

## <u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that on the 6th day of January, 2023, a true and correct copy of the foregoing document was served by a manner authorized by Federal Rules of Civil Procedure 5(b)(2) upon the following counsel:

Eric Ramos
State Bar No. 24099306
Randy Jeffries
SBN: 24096448
Eric Ramos Law, PLLC
7979 Broadway, Ste. 207
San Antonio, Texas 78209
Telephone: (210) 404-4878
Fax: (210) 610-1134
E-mail: eric@ericramoslaw.com
rjeffries@ericramoslaw.com
*Attorneys for Plaintiffs*

/s/ *Matthew A. Ford*
Matthew A. Ford